**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Eric J. Gitig
Andrew P. Kimble
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOANNE CARPENTER, AIXA MERCADO, and CHELSEA MOORE**, on behalf of themselves and all others similarly situated, | 13 Civ. 4009 (GBD) |
| **Plaintiffs,** | |
| -against- | |
| **PAIGE HOSPITALITY GROUP, LLC, FONDUE 26, LLC, PARK AVENUE A, LLC, MATTHEW SHENDELL and DENNIS BOGART,** | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Plaintiffs Joanne Carpenter, Aixa Mercado, and Chelsea Moore (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

**NATURE OF THE ACTION**

1.      This lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, misappropriated gratuities, misappropriated service charges, unlawful deductions, uniform-related expenses, and other wages for Plaintiffs and their similarly situated co-workers – servers, bussers, runners, bartenders, barbacks, and other tipped, hourly food service workers ("tipped workers") – who work or have worked at Fondue 26, LLC d/b/a The Ainsworth ("The Ainsworth") and/or Park Avenue A, LLC d/b/a Ainsworth Park ("Ainsworth Park").

2.     The Ainsworth and Ainsworth Park (collectively, the "Ainsworth Bars") are owned, operated, and controlled by Paige Hospitality Group, LLC, Matthew Shendell and Dennis Bogart (collectively, "Paige").  On their website, paigegroupny.com, Paige describes its enterprise as "a premier operations and hospitality company, specializing in high-end event planning and event production" with "plans to reach a national level."

3.     Since opening in September 2009, The Ainsworth serves as the flagship location for Paige's "upscale sports bar and restaurant empire," which combines sports with posh amenities such as bottle service, DJs, and high-end pub food.  Building on the success of The Ainsworth, Paige opened Ainsworth Park in September 2012.  The Ainsworth Bars are both featured on Paige's website, and have been reviewed in numerous printed and online restaurant guides, including the New York Times, the New York Post, and New York Magazine.

4.     Upon information and belief, in addition to The Ainsworth and Ainsworth Park, Paige owns and/or owned the following bars, clubs and restaurants: 121 Fulton Street, The Hill, Southampton Social Club, The Ainsworth Las Vegas, Ainsworth Prime, Pub One, and Dune Southampton.

5.     Throughout Plaintiffs' employment, Defendants paid tipped workers a reduced, tipped minimum wage rate.  Defendants, however, did not satisfy the requirements under the Fair Labor Standards Act or the New York Labor Law by which they could take a tip credit towards the basic minimum hourly rate paid to tipped workers.

6.     In that regard, Defendants: (a) failed to provide tipped workers with notification of the tipped minimum wage rate or tip credit provisions of the Fair Labor Standards Act or the New York Labor Law, or of their intent to apply a tip credit to tipped workers' wages; (b) distributed portions of tipped workers' tips to workers who are ineligible to receive tips under the Fair Labor Standards Act or the New York Labor Law; and (c) failed to furnish tipped workers with accurate wage statements with each payment of wages.

7.     Additionally, upon information and belief, Defendants misappropriated gratuities from tipped workers by retaining portions of mandatory gratuities and/or service charges paid by customers hosting private events at the Ainsworth Bars.  This practice was held to be unlawful by the New York Court of Appeals in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), and violates Section 146-2.19 of the 2011 New York Hospitality Industry Wage Order, which explicitly states that:

> Adequate notification [of an administrative charge not purported to be a gratuity or tip] shall include a statement in the contract or agreement with the customer, and on any menu and bill listing prices, that the administrative charge is for administration of the banquet, special function, or package deal, is not purported to be a gratuity, and will not be distributed.

8.     Throughout Plaintiffs' employment, Defendants maintained a policy and practice whereby tipped workers were not paid the appropriate overtime pay for all hours worked in excess of 40 per workweek.  In fact, Plaintiffs were consistently compensated at a rate of $7.50 for the overtime hours Defendants reported on their paystubs.

9.     Throughout Plaintiffs' employment, Defendants maintained a policy and practice whereby tipped workers were not paid spread-of-hours pay.

10.     Throughout Plaintiffs' employment, Defendants maintained a policy and practice whereby unlawful deductions were made from tipped workers' wages, including, but not limited to, deductions for meals and customer walkouts.

11.     Throughout Plaintiffs' employment, Defendants required tipped workers to wear a uniform that generally consisted of a black tank top or black long-sleeve shirt – bearing the Ainsworth "A" logo, black leggings or black dress pants, and black leather boots or black Converse All Star sneakers.  Defendants required tipped workers to purchase their own low-top Converse All Star sneakers and/or a specific style of black leather boots and, and did not reimburse

tipped workers for these uniform-related expenses.  Moreover, though Defendants provided tipped workers with two black tank tops and a black long-sleeve shirt, Defendants failed to launder and/or maintain these mandatory uniforms, or pay tipped workers the required weekly amount for uniform maintenance in addition to the required minimum wage.  In fact, the "Employee Handbook" distributed by Defendants to tipped workers specifically states:

> Each employee who is required to wear a shirt with a logo will receive 2 shirts (and an apron for servers) for free on the day they start their employment.  Employees are free to wash the two shirts over and over or they can buy a few more and rotate them in.  If an employee would like to purchase more shirts or more aprons they can do so at half retail price which is $10.

12.    Defendants apply the same employment policies, practices, and procedures to all tipped workers at the Ainsworth Bars.

13.    Plaintiffs bring this action on behalf of themselves and all similarly situated current and former tipped workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

14.    Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former tipped workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiffs**

### Joanne Carpenter

15.     Plaintiff Joanne Carpenter ("Carpenter") is an adult individual who is a resident of Long Island City, New York.

16.     Carpenter was employed by Defendants as a server and bartender at the Ainsworth Bars from in or around January 2012 to March 2012 and in or around September 2012 to February 2013.   During these periods, Carpenter performed work for The Ainsworth and Ainsworth Park.

17.     Carpenter is a covered employee within the meaning of the FLSA and the NYLL.

18.     A written consent form for Carpenter was filed via ECF on July 24, 2013.

### Aixa Mercado

19.     Plaintiff Aixa Mercado ("Mercado") is an adult individual who is a resident of Brooklyn, New York.

20.     Mercado was employed by Defendants as a bartender at the Ainsworth Bars from in or around March 2012 to March 2013.   During this period, Mercado performed work for The Ainsworth.

21.     Mercado is a covered employee within the meaning of the FLSA and the NYLL.

22.     A written consent form for Mercado was filed via ECF on June 13, 2013.

### Chelsea Moore

23.     Plaintiff Chelsea Moore ("Moore") is an adult individual who is a resident of Brooklyn, New York.

24.     Moore was employed by Defendants as a server at the Ainsworth Bars from in or around January 2013 to April 2013.   During this period, Moore performed work for The Ainsworth.

25.     Moore is a covered employee within the meaning of the FLSA and the NYLL.

26.     A written consent form for Moore was filed via ECF on June 13, 2013.

**Defendants**

27.     Defendants Paige Hospitality Group, LLC, Fondue 26, LLC, Park Avenue A, LLC, Matthew Shendell and Dennis Bogart (collectively, "Defendants") jointly employed Plaintiffs and similarly situated employees at all times relevant.

28.     Each Defendant has had substantial control over Plaintiffs' and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

29.     Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

30.     Defendants' operations are interrelated and unified.

31.     During all relevant times, the Ainsworth Bars shared a common management and were centrally controlled and/or owned by Defendants.

32.     During all relevant times, Defendants centrally controlled the labor relations of the Ainsworth Bars.

**Paige Hospitality Group, LLC**

33.     Together with the other Defendants, Paige Hospitality Group, LLC ("PHG") has owned and/or operated the Ainsworth Bars during the relevant period.

34.     PHG is a domestic limited liability company organized and existing under the laws of New York.

35.     Upon information and belief, PHG's principal executive office is located at 333 West 39th Street, Suite 1502, New York, New York 10018.

36.     PHG has owned and/or operated the Ainsworth Bars through Fondue 26, LLC and Park Avenue A, LLC, wholly joined subsidiaries of PHG.  Each subsidiary of PHG has shared the same common policies and procedures, which are enforced at both Ainsworth Bars.

37.     PHG allows employees to transfer or be shared by and between the Ainsworth Bars without retraining.

38.     PHG is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

39.     At all relevant times, PHG has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

40.     PHG applies the same employment policies, practices, and procedures to all tipped workers at the Ainsworth Bars, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform-related expenses, and customer tips.

41.     PHG's Executive Manager, Tom Simpson, regularly sends e-mails regarding employment policies or practices to tipped employees at both Ainsworth Bars.

42.     PHG distributes the same "Employee Handbook" to all tipped employees at both Ainsworth Bars.

43.     Upon information and belief, at all relevant times, PHG's annual gross volume of sales made or business done was not less than $500,000.00.

**Fondue 26, LLC**

44.     Together with the other Defendants, Fondue 26, LLC ("Fondue 26") has owned and/or operated the Ainsworth Bar located at 122 West 26th Street, New York, New York – The Ainsworth – during the relevant period.

45.    Fondue 26 is a domestic limited liability company organized and existing under the laws of New York.

46.    Upon information and belief, Fondue 26's principle executive office is located at 122 West 26th Street, New York, New York 10001.

47.    Fondue 26 is the "Premises Name" that appears on the New York State Liquor Authority license for the premises doing business as "THE AINSWORTH," located at "122 W 26TH STREET, 6TH AND 7TH AVENUES, NEW YORK, NY 10001."

48.    Fondue 26 is the corporate identity that appeared on Plaintiffs' paystubs for work performed at The Ainsworth.

49.    The Ainsworth is identified by paigegroupny.com as one of the venues owned and operated by the PHG.

50.    Matthew Shendell and Dennis Bogart, the owner and Chief Financial Officer of PHG, are identified as the "Principal's Name[s]" on the New York State Liquor Authority license for Fondue 26.

51.    Fondue 26 is a wholly owned subsidiary of PHG.

52.    Fondue 26 is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

53.    At all relevant times, Fondue 26 maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

54.    Fondue 26 applies the same employment policies, practices, and procedures to all of its tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform-related expenses, and customer tips.

55.     Upon information and belief, at all relevant times, Fondue 26's annual gross volume of sales made or business done was not less than $500,000.00.

**Park Avenue A, LLC**

56.     Together with the other Defendants, Park Avenue A, LLC ("Park Avenue A") has owned and/or operated the Ainsworth Bar located at 111 East 18th Street, New York, New York – Ainsworth Park – during the relevant period.

57.     Park Avenue A is a domestic limited liability company organized and existing under the laws of New York.

58.     Upon information and belief, Park Avenue A's principal executive office is located at 111 East 18th Street, New York, New York 10003.

59.     Park Avenue A is the "Premises Name" that appears on the New York State Liquor Authority license for the premises doing business as "AINSWORTH PARK," located at "111 E 18TH ST AKA 225 PARK AVE S, NEW YORK, NY 10003."

60.     Park Avenue A is the corporate identity that appeared on Plaintiffs' paystubs for work performed at Ainsworth Park.

61.     Park Avenue A is identified by paigegroupny.com as one of the venues owned and operated by the PHG.

62.     Matthew Shendell, the owner of PHG, is identified as a "Principal's Name" on the New York State Liquor Authority license for Park Avenue A.

63.     Park Avenue A is a wholly owned subsidiary of PHG.

64.     Park Avenue A is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

65.     At all relevant times, Park Avenue A maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

66.     Park Avenue A applies the same employment policies, practices, and procedures to all tipped workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform-related expenses, and customer tips.

67.     Upon information and belief, at all relevant times, Park Avenue A's annual gross volume of sales made or business done was not less than $500,000.00.

**Matthew Shendell**

68.     Upon information and belief, Matthew Paige Shendell ("Shendell") is a resident of the State of New York.

69.     Shendell is the founder and owner of PHG.

70.     At all relevant times, Shendell has been the owner of the Ainsworth Bars.

71.     Shendell's Twitter, Facebook, and LinkedIn profiles currently identify him as the President, Owner, and Chief Executive Officer of "Paige Hospitality Group" and/or "Paige Group."

72.     Shendell is identified as a "Principal's Name" on the New York State Liquor Authority licenses for The Ainsworth and Ainsworth Park.

73.     At all relevant times, Shendell has had the power over personnel decisions at the Ainsworth Bars, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment. In fact, in or around April 2013, Shendell told a manager at The Ainsworth to fire a female bartender who was subsequently terminated.

74.     Shendell has been carbon copied on staff e-mails sent by management to employees at the Ainsworth Bars.

75.     At all relevant times, Shendell has had power over payroll decisions at the Ainsworth Bars, including the power to retain time and/or wage records.

76.     At all relevant times, Shendell has been actively involved in managing the day to day operations of the Ainsworth Bars.

77.     At all relevant times, Shendell has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

78.     At all relevant times, Shendell has had the power to transfer the assets and/or liabilities of PHG and the Ainsworth Bars.

79.     At all relevant times, Shendell has had the power to declare bankruptcy on behalf of PHG and the Ainsworth Bars.

80.     At all relevant times, Shendell has had the power to enter into contracts on behalf of PHG and the Ainsworth Bars.

81.     Shendell is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**Dennis Bogart**

82.     Upon information and belief, Dennis Bogart ("Bogart") is a resident of the State of New York.

83.     At all relevant times, Bogart has been the Chief Financial Officer and Chief Marketing Officer of PHG.

84.     Bogart's LinkedIn profile currently identifies him as the "Chief Marketing Officer" at Paige Hospitality Group, and lists him as an "Owner" of The Ainsworth and Ainsworth Park.

85.     Bogart is identified as a "Principal's Name" on the New York State Liquor Authority license for The Ainsworth.

86.     Bogart signed a Consent Judgment on behalf of Fondue 26 – both in his individual capacity and as an officer of the company – in a case instituted by the United States Department of Labor on January 6, 2013, alleging violations of the overtime provisions of the FLSA.  *See Solis v. Fondue 26, LLC et al*, No. 13 Civ. 00469 (PAC), Docket No. 2 (S.D.N.Y. March 5, 2013).

87.     At all relevant times, Bogart has had power over personnel decisions at the Ainsworth Bars, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

88.     At all relevant times, Bogart has had power over payroll decisions at the Ainsworth Bars, including the power to retain time and/or wage records.

89.     At all relevant times, Bogart has been actively involved in managing the day to day operations of the Ainsworth Bars.

90.     At all relevant times, Bogart has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

91.     At all relevant times, Bogart has had the power to transfer the assets and/or liabilities of the Ainsworth Bars.

92.     At all relevant times, Bogart has had the power to declare bankruptcy on behalf of the Ainsworth Bars.

93.     At all relevant times, Bogart has had the power to enter into contracts on behalf of the Ainsworth Bars.

94.     Bogart is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

95.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

96.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

97.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

98.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

99.     Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated current and former tipped workers at the Ainsworth Bars, who elect to opt-in to this action (the "FLSA Collective").

100.    Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and the FLSA Collective.

101.    Consistent with Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid minimum wages for all hours worked or the appropriate premium overtime compensation for all hours worked beyond 40 per workweek.

102.    All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

103.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

(a)    willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, minimum wages for all hours worked and the appropriate premium overtime wages for hours worked in excess of 40 hours per workweek; and

(b)    willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

104.    Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by unlawfully taking a tip credit against the minimum wage rate paid to Plaintiffs and the FLSA Collective, and failing to properly compensate Plaintiffs and the FLSA Collective for the overtime hours they work.

105.    Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all of the hours they worked.

106.    Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

107.    Plaintiffs and the FLSA Collective perform or performed the same primary duties.

108.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

109.    There are many similarly situated current and former tipped workers who have been denied minimum wage and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

110.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

111.    In recognition of the services Plaintiffs have rendered and will continue to render to the FLSA Collective, Plaintiffs will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

112.    Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth

Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on

behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as servers, bussers,
> runners, bartenders, barbacks, and other tipped, hourly food
> service workers at The Ainsworth and Ainsworth Park in
> New York between June 12, 2007 and the date of final
> judgment in this matter (the "Rule 23 Class").

113.    Excluded from the Rule 23 Class are Defendants, Defendants' legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendants; the Judge(s) to

whom this case is assigned and any member of the Judges' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

114.    The members of the Rule 23 Class are so numerous that joinder of all members is

impracticable.

115.    Upon information and belief, the size of the Rule 23 Class is at least 50

individuals.  Although the precise number of such employees is unknown, the facts on which the

calculation of that number depends are presently within the sole control of Defendants.

116.    Defendants have acted or have refused to act on grounds generally applicable to

the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Rule 23 Class as a whole.

117.    Common questions of law and fact exist as to the Rule 23 Class that predominate

over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants violated NYLL Articles 6 and 19, and the supporting New
York State Department of Labor Regulations;

(b)     whether Defendants failed to pay Plaintiffs and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d)     whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread-of-hours pay when the length of their workday was greater than 10 hours;

(e)     whether Defendants misappropriated tips and/or service charges from Plaintiffs and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiffs and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

(f)     whether Defendants distributed or retained a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(g)     whether Defendants made unlawful deductions from the wages of Plaintiffs and the Rule 23 Class, including, but not limited to, deductions for meals and customer walkouts, in violation of the NYLL;

(h)     whether Defendants failed to reimburse tipped workers for uniform-related expenses in violation of the NYLL;

(i)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

(j)     whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with wage notices, as required by the NYLL;

(k)     whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with accurate statements of wages, hours worked, rates paid, gross wages and the claimed tip allowance, as required by the NYLL;

(l)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(m)     the nature and extent of class-wide injury and the measure of damages for those injuries.

118.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all of the Rule 23 Class members work, or have worked, for Defendants as tipped workers at the Ainsworth Bars in New York. Plaintiffs and the Rule 23 Class members enjoy

the same statutory rights under the NYLL, including to be properly compensated for all hours worked, to be paid spread-of-hours pay, to retain customer tips, to be reimbursed for uniform-related expenses, and to not have unlawful deductions made from their wages. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

119.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class.  Plaintiffs recognize that any resolution of a class action must be in the best interest of the class.  Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs and the Rule 23 members.

120.    In recognition of the services Plaintiffs have rendered and will continue to render to the Rule 23 Class, Plaintiffs will request payment of a service award upon resolution of this action.

121.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation.  The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

122.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

123.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Joanne Carpenter**

124.    Defendants did not pay Carpenter the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

125.    Carpenter received weekly paychecks from Defendants that did not properly record, or compensate her for, all of the hours she worked.

126.    Defendants applied a tip credit to Carpenter's wages, rather than pay Carpenter the full minimum wage rate.

127.    Defendants did not provide Carpenter with notification of the tipped minimum wage or tip credit provisions of the FLSA or NYLL, or their intent to apply a tip credit to Carpenter's wages.

128.    Defendants suffered or permitted Carpenter to work over 40 hours per week as a server and/or bartender, up to a maximum of approximately 60 hours per week.  Defendants did not compensate Carpenter at the proper overtime rate for all of the hours she worked in excess of 40 per workweek.

129.   Defendants did not pay Carpenter one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

130.   Defendants did not allow Carpenter to retain all of the tips she earned.

131.   Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Carpenter earned.

132.   Defendants imposed upon Carpenter a tip redistribution scheme to which she never agreed.

133.   Defendants unlawfully redistributed part of Carpenter's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, managers and security employees.

134.   When working private events, Defendants compensated Carpenter with hourly pay plus "party pay," without allowing Carpenter to receive customer tips.  Upon information and belief, Defendants unlawfully retained service charges/gratuities received by customer hosting private events, which customers were led to believe would be paid as gratuities to Carpenter and were intended for Carpenter.

135.   Defendants made unlawful deductions from Carpenter's wages, including, but not limited to, deductions for meal credits and customer walkouts.

136.   Meals served by Defendants were not made available to Carpenter during reasonable meal periods and/or were not customarily eaten by Carpenter, and did not include at least one of the types of foods from the following groups: (a) fruits or vegetables; (b) grains or potatoes; (c) eggs, meat, fish, poultry, dairy, or legumes; and (d) tea, coffee, milk or juice.

137.    Defendants did not launder and/or maintain Carpenter's mandatory uniforms, pay Carpenter the required weekly amount for uniform maintenance in addition to the required minimum wage, or reimburse Carpenter for uniform-related expenses.

138.    Defendants did not keep accurate records of wages or tips earned, or of hours worked by Carpenter.

139.    Defendants failed to furnish Carpenter with annual wage notices.

140.    Defendants failed to furnish Carpenter with accurate statements of wages, hours worked, rates paid, gross wages and the claimed tip allowance.

**Aixa Mercado**

141.    Defendants did not pay Mercado the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

142.    Mercado received weekly paychecks from Defendants that did not properly record, or compensate her for, all of the hours she worked.

143.    Defendants applied a tip credit to Mercado's wages, rather than pay Mercado the full minimum wage rate.

144.    Defendants did not provide Mercado with notification of the tipped minimum wage or tip credit provisions of the FLSA or NYLL, or their intent to apply a tip credit to Mercado's wages.

145.    Defendants suffered or permitted Mercado to work over 40 hours per week as a bartender, up to a maximum of approximately 55 hours per week.  Defendants did not compensate Mercado at the proper overtime rate for all of the hours she worked in excess of 40 per workweek.

146.    Defendants did not pay Mercado one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

147.    Defendants did not allow Mercado to retain all of the tips she earned.

148.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Mercado earned.

149.    Defendants imposed upon Mercado a tip redistribution scheme to which she never agreed.

150.    Defendants unlawfully redistributed part of Mercado's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, managers and security employees.

151.    When working private events, Defendants compensated Mercado with hourly pay plus "party pay," without allowing Mercado to receive customer tips.  Upon information and belief, Defendants unlawfully retained service charges/gratuities received by customer hosting private events, which customers were led to believe would be paid as gratuities to Mercado and were intended for Mercado.

152.    Defendants made unlawful deductions from Mercado's wages, including, but not limited to, deductions for meal credits and customer walkouts.

153.    Meals served by Defendants were not made available to Mercado during reasonable meal periods and/or were not customarily eaten by Mercado, and did not include at least one of the types of foods from the following groups: (a) fruits or vegetables; (b) grains or potatoes; (c) eggs, meat, fish, poultry, dairy, or legumes; and (d) tea, coffee, milk or juice.

154.    Defendants did not launder and/or maintain Mercado's mandatory uniforms, pay Mercado the required weekly amount for uniform maintenance in addition to the required minimum wage, or reimburse Mercado for uniform-related expenses.

155.    Defendants did not keep accurate records of wages or tips earned, or of hours worked by Mercado.

156.    Defendants failed to furnish Mercado with annual wage notices.

157.    Defendants failed to furnish Mercado with accurate statements of wages, hours worked, rates paid, gross wages and the claimed tip allowance.

**Chelsea Moore**

158.    Defendants did not pay Moore the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

159.    Moore received weekly paychecks from Defendants that did not properly record, or compensate her for, all of the hours she worked.

160.    Defendants applied a tip credit to Moore's wages, rather than pay Moore the full minimum wage rate.

161.    Defendants did not provide Moore with notification of the tipped minimum wage or tip credit provisions of the FLSA or NYLL, or their intent to apply a tip credit to Moore's wages.

162.    Defendants suffered or permitted Moore to work over 40 hours per week as a server, up to a maximum of approximately 45 hours per week.  Defendants did not compensate Moore at the proper overtime rate for all of the hours she worked in excess of 40 per workweek.

163.    Defendants did not pay Moore one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

164.    Defendants did not allow Moore to retain all of the tips she earned.

165.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Moore earned.

166.    Defendants imposed upon Moore a tip redistribution scheme to which she never agreed.

167.    Defendants unlawfully redistributed part of Moore's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, managers and security employees.

168.    When working private events, Defendants compensated Moore with hourly pay plus "party pay," without allowing Moore to receive customer tips.  Upon information and belief, Defendants unlawfully retained service charges/gratuities received by customer hosting private events, which customers were led to believe would be paid as gratuities to Moore and were intended for Moore.

169.    Defendants made unlawful deductions from Moore's wages, including, but not limited to, deductions for meal credits and customer walkouts.

170.    Meals served by Defendants were not made available to Moore during reasonable meal periods and/or were not customarily eaten by Moore, and did not include at least one of the types of foods from the following groups: (a) fruits or vegetables; (b) grains or potatoes; (c) eggs, meat, fish, poultry, dairy, or legumes; and (d) tea, coffee, milk or juice.

171.    Defendants did not launder and/or maintain Moore's mandatory uniforms, pay Moore the required weekly amount for uniform maintenance in addition to the required minimum wage, or reimburse Moore for uniform-related expenses.

172.    Defendants did not keep accurate records of wages or tips earned, or of hours worked by Moore.

173.    Defendants failed to furnish Moore with annual wage notices.

174.   Defendants failed to furnish Moore with accurate statements of wages, hours worked, rates paid, gross wages and the claimed tip allowance.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

175.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

176.   Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this First Amended Class Action Complaint.

177.   Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

178.   At all times relevant, Plaintiffs and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

179.   At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

180.   At all times relevant, Defendants have been employers of Plaintiffs and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

181.   The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

182.   Defendants have failed to pay Plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

183.    Defendants have been required to pay directly to Plaintiffs and the members of the FLSA Collective the full federal minimum wage rate for all hours worked.

184.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

185.    Defendants' unlawful conduct, as described in this First Amended Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this First Amended Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

186.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

187.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

188.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

189.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

190.    Defendants have failed to pay Plaintiffs and the members of the FLSA Collective the appropriate overtime wages for all of the hours they worked in excess of 40 hours in a workweek.

191.    Defendants' unlawful conduct, as described in this First Amended Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this First Amended Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

192.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

193.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wage
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

194.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

195.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this First Amended Class Action Complaint.

196.     At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

197.     At all times relevant, Plaintiffs and the members of the Rule 23 Class have been covered by the NYLL.

198.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

199.     Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

200.     Defendants have been required to pay Plaintiffs and the members of the Rule 23 Class the full minimum wage at a rate of (a) $7.15 per hour for all hours worked from June 12, 2007 through July 23, 2009; and (b) $7.25 per hour for all hours worked from July 24, 2009 through the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

201.    Defendants have failed to furnish with every payment of wages to Plaintiffs and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiffs and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

202.    Defendants have failed to notify Plaintiffs and the members of the Rule 23 Class of the tip credit as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiffs and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

203.    Defendants have required Plaintiffs and the members of the Rule 23 Class to share gratuities with workers who are not eligible to receive tips under the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiffs and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

204.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

205.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

206.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

207.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

208.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

209.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime at a rate of 1.5 times the full minimum wage rate for hours worked in excess of 40 per week.

210.    Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the members of the Rule 23 Class.

211.    Through their knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

212.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Spread-of-Hours Pay**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

213.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

214.     Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

215.     Through their knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

216.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law –Tip Misappropriation**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

217.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

218.     At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

219.     At all times relevant, each Defendant has been an employer within the meaning of the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

- 30 -

220.    The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

221.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities and/or service charges received by Plaintiffs and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

222.    Defendants unlawfully retained part of the gratuities and/or service charges earned by Plaintiffs and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

223.    Defendants required Plaintiffs and the members of the Rule 23 Class to share part of the gratuities and/or service charges they received with employees other than waiters, servers, bussers, or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

224.    Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities and/or service charges received by Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

225.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants the value of the misappropriated gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions from Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

226.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

227.   Defendants have made unlawful deductions from the wages of Plaintiffs and the members of the Rule 23 Class.  These deductions included, but were not limited to, deductions for meals and customer walkouts.

228.   The deductions made from the wages of Plaintiffs and the members of the Rule 23 Class were not authorized or required by law.

229.   The deductions made from the wages of Plaintiffs and the members of the Rule 23 Class were not expressly authorized in writing by Plaintiffs and the members of the Rule 23 Class, and were not for the benefit of Plaintiffs and the members of the Rule 23 Class.

230.   Defendants did not satisfy the requirements listed in the NYLL and the supporting New York State Department of Labor Regulation by which they could apply a meal credit toward the wages paid to Plaintiffs and the members of the Rule 23 Class.

231.   Through their knowing or intentional efforts to permit unauthorized deductions from the wages of Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

232.   Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### EIGHTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

233.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

234.    Defendants required Plaintiffs and the members of the Rule 23 Class to wear a uniform consisting of a black tank top or black long-sleeve shirt bearing the Ainsworth "A" logo, black leggings, black dress pants, and black leather boots, or black Converse All Star sneakers.

235.    Defendants required tipped workers to purchase their own low-top Converse All Star sneakers and/or a specific style of black leather boots, and did not reimburse Plaintiffs and the members of the Rule 23 Class for these uniform-related expenses.

236.    Defendants failed to launder and/or maintain mandatory uniforms for Plaintiffs and the members of the Rule 23 Class, and failed to pay them the required weekly amount for uniform maintenance in addition to the required minimum wage.

237.    By Defendants' failure to pay Plaintiffs and the members of the Rule 23 Class for the purchase and/or maintenance of required uniforms, Defendants have willfully violated the NYLL, and the supporting New York State Department of Labor Regulations.

238.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants the costs of purchasing and maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**NINTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

239.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

240.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

241.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

242.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**TENTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

243.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

244.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

245.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

246.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all tipped workers who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Ainsworth Bars. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

E.      Payment of a service award to Plaintiffs, in recognition of the services they have rendered and will continue to render to the FLSA Collective and Rule 23 Class;

F.      Issuance of a declaratory judgment that the practices complained of in this First Amended Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

G.      Unpaid minimum wages, overtime pay, spread-of-hours pay, misappropriated gratuities and/or service charges, unlawful deductions, uniform-related expenses, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H.      Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

I.      Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

J.      Prejudgment and post-judgment interest;

K.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

L.      Reasonable attorneys' fees and costs of the action; and

M.      Such other relief as this Court shall deem just and proper.


Dated: New York, New York
       July 30, 2013


                                          Respectfully submitted,

                                          _____
                                          Brian S. Schaffer

                                          **FITAPELLI & SCHAFFER, LLP**
                                          Brian S. Schaffer
                                          Eric J. Gitig
                                          Andrew P. Kimble
                                          475 Park Avenue South, 12th Floor
                                          New York, New York 10016
                                          Telephone: (212) 300-0375

                                          *Attorneys for Plaintiffs and*
                                          *the Putative Class*