IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE CARPENTER, AIXA MERCADO, and CHELSEA MOORE, on behalf of themselves and all others similarly situated, <br><br>        **Plaintiffs,** <br><br> -against- <br><br> PAIGE HOSPITALITY GROUP, LLC, FONDUE 26, LLC, PARK AVENUE A, LLC, MATTHEW SHENDELL and DENNIS BOGART, <br><br>        **Defendants.** | 13 Civ. 4009 (GBD) |

**████████ FINAL JUDGMENT AND ORDER GRANTING**
**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement, the supporting memorandum of law and the Declaration of Brian S. Schaffer and exhibits thereto, the oral arguments presented at the June 2, 2015 Fairness Hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1.      This Order incorporates by reference the parties' Settlement Agreement and Release (the "Settlement Agreement") dated December 9, 2014.

2.      This Court approves the settlement and all terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion.

3.      The Court certifies the following class under Fed. R. Civ. P. 23(e) (the "Class") for settlement purposes:

All individuals who worked at The Ainsworth and/or Ainsworth Park in the Server, Bartender, Runner, and Busser job classifications between June 12, 2007 and December 31, 2013.

4.      For the purposes of settlement, the Court finds that the Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

5.      In addition, Plaintiffs' counsel meets the adequacy requirement of Rule 23(a)(4) and the Court certifies Plaintiffs' counsel as Class Counsel, and the named Plaintiffs as Class Representatives.

6.      Defendants shall fund the Settlement Fund consistent with the terms of the Settlement Agreement. The Settlement Agreement shall be effective thirty (30) days after entry of this Order if no appeal is taken of this Order.  If an appeal is taken of this Order, the Final Effective Date shall be thirty (30) days after the latest of the following: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court.

7.      The Court awards Class Counsel attorneys' fees, costs and expenses incurred in this Litigation, which were incidental and necessary to the representation of the Class, consistent with the terms of the Settlement Agreement.

8.      The Court awards the Claims Administrator its reasonable costs in administering the Settlement, subject to Class Counsel's review of the Claims Administrator's invoices, to be paid out of the Settlement Fund.

9.      The Court approves the four (4) Enhancement Awards described in the Settlement

Agreement to be paid from the Settlement Fund.  The Court approves this Settlement and finds

that it is a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards

Act, reached as a result of contested litigation.

10.     The Litigation is dismissed with prejudice and without costs to any party.  All

Class Members, except those individuals who timely and validly opted-out of the Settlement, are

barred and permanently enjoined from participating in any other individual or class lawsuit or

other proceeding or claim against the Releasees concerning the claims released in the Settlement

Agreement.

11.     Without affecting the finality of this Judgment and Order, the Court reserves

continuing and exclusive jurisdiction over the interpretation and implementation of the

Settlement Agreement as well as any and all matters arising out of, or related to, the

interpretation or implementation of the Settlement Agreement and of the settlement

contemplated thereby.

12.     The Parties having so agreed, good cause appearing, and there being no just

reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is,

entered as a final order.

It is so ORDERED this 2ND day of ___June___, 2015

JUN 02 2015            _____
                      Hon. George B. Daniels
                      United States District Judge

                            4851-9901-0596, v. 2

- 3 -